IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERICA FRENEEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:19-414 |
| ) | |
| JAC'D FITNESS, LLC, EDWIN WALKER,) | |
| SR, CHRISTOPHER DADE, and ) | |
| JACQUELINE GILVYDIS ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Erica Freneey, for her Complaint against Defendants, Jac'd Fitness, LLC ("Jac'd"), Edwin Walker, Sr., Christopher Dade and Jacqueline Gilvydis, state the following:

### I. Parties

1. Plaintiff is a resident of Lake County, Indiana.

2. Defendant, Jac'd, is a business located in Lake County, Indiana.

3. Defendant, Mr. Walker, does business in Lake County.

4. Mr. Walker is an owner of Jac'd.

5. Mr. Walker is a member of Jac'd.

6. Mr. Walker assists in running Jac'd.

7. Mr. Walker decided in part how Plaintiff would be paid during her tenure.

8. Mr. Dade is an owner of Jac'd.

9. Mr. Dade is a member of Jac'd.

10. Mr. Dade assists in running Jac'd.

11. Mr. Dade decided in part how Plaintiff would be paid during her tenure.

12. Ms. Gilvydis is an owner of Jac'd.

13. Ms. Gilvydis is a member of Jac'd.

14. Ms. Gilvydis assists in running Jac'd.

15. Ms. Gilvydis decided in part how Plaintiff would be paid during her tenure.

## II. Jurisdiction and Venue

16. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the FLSA.

17. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

18. Venue in the Northern District of Indiana, Hammond Division, is appropriate by virtue Defendant doing business in this District.

## III. Factual Allegations

19. Plaintiff began working for Jac'd on January 8, 2018.

20. Plaintiff was a salaried employee of Jac'd.

21. Jac'd agreed to pay Plaintiff $33,600.00 annually.

22. Jac'd agreed to pay Plaintiff $1,400.00 on a bi-monthly basis.

23. Plaintiff managed Jac'd.

24. Jac'd fired Plaintff on August 31, 2019.

25. The pay period in which Plaintiff separated employment from Jac'd started on August 16, 2019 and ended on August 31, 2019.

26. The pay date for the August 16, 2019 to August 31, 2019 pay period was September 7, 2019.

27. Plaintiff earned one (1) week of vacation time in January 2019.

28. Plaintiff earned pro-rata vacation time by working during the 2019 calendar year.

29. Jac'd failed to pay Plaintiff her pro-rata vacation time following her separation of employment.

30. Jac'd failed to pay Plaintiff her bi-monthly wages on September 7, 2019.

31. Jac'd failed to pay Plaintiff at least minimum wages for her work performed during the August 16, 2019 to August 31, 2019 pay period.

32. Jac'd did not have a good faith basis for failing to pay Plaintiff her minimum and regular wages.

33. Counsel for Plaintiff has requested that the wage claim of Plaintiff be referred to his office by Attorney General's Office in conjunction with the Department of Labor.

### III.   Cause of Action

### Count I
### Failure to Pay Minimum Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

34. Plaintiff incorporates paragraphs 1 through 31 by reference herein.

35. Plaintiff was an employee of Defendants pursuant to the FLSA.

36. Plaintiff's work for Defendants involved interstate commerce.

37. Defendant, Jac'd, is an employer pursuant to the FLSA.

38. Defendant, Jac'd, had gross revenues of at least $500,000.00 for the 2018 calendar year.

39. Defendant, Mr. Walker, is an employer pursuant to the FLSA.

40. Defendant, Mr. Dade, is an employer pursuant to the FLSA.

41. Defendant, Ms. Gilvydis, is an employer pursuant to the FLSA.

42. Defendants willfully failed to properly pay all minimum hours worked by Plaintiff.

43. Defendants' violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
## Indiana's Minimum Wage Statute
## Alternative Claim

44. Plaintiff incorporates paragraphs 1 through 43 by reference herein.

45. Plaintiff was an employee of Defendant, Jac'd, pursuant to Indiana's Minimum Wage Statute.

46. Defendant, Jac'd, is an employer pursuant to Indiana's Minimum Wage Statute.

47. Defendant, Jac'd, failed to properly pay minimum wages for all hours worked.

48. Defendant's, Jac'd, violations of Indiana's Minimum Wage Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant, Jac'd, in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count III
## Wage Claims Statute, I.C. §22-2-9 *et. seq.*

49. Plaintiff incorporates paragraphs 1 through 48 by reference herein.

50. Defendant, Jac'd, is an employer pursuant to the Wage Claims Statute.

51. Defendant, Jac'd, failed to pay Plaintiff her wages due and owing in a timely fashion.

52. Defendant, Jac'd, failed to pay Plaintiff her wages due and owing in the correct amount.

53. Plaintiff has been damaged by Defendant's, Jac'd, violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Erica Freneey

Weldy Law - 8383 Craig Street, Suite 330, Indianapolis, IN 46250
Tel: (317) 842-6600 / Fax: (317) 288-4013 / E-mail: rweldy@weldylegal.com